# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| ALONZO KING,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C 13-4027-MWB<br>(No. CR 07-4038-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION** |

_____

Petitioner Alonzo King filed his *pro se* "Motion To Correct Illegal Sentence" (Civ. docket no. 1) on March 13, 2013, ostensibly seeking correction of an illegal sentence, pursuant to Rule 35 of the Federal Rules of Criminal Procedure. King challenges his sentence to a mandatory minimum of 240 months of imprisonment upon his conviction of conspiracy to distribute 50 grams or more of crack cocaine after a prior felony drug conviction, all in violation of 21 U.S.C. §§ 841(a), 846, and 851. In his motion, King alleges that I improperly imposed a prior conviction enhancement pursuant to § 851, because (1) I failed to ask him at his sentencing if he affirmed or denied the prior conviction, as required by § 851(b), and (2) I failed to inform him that any challenge to a prior conviction that was not made before sentence was imposed may not thereafter be raised to attack the sentence, as also required by § 851(b). By Order (docket no. 2), filed March 13, 2013, I construed King's "Motion To Correct Illegal Sentence" as a Motion To Vacate Sentence And Judgment Pursuant To 28 U.S.C. § 2255 (§ 2255 Motion) and directed the respondent to file an answer or other response to King's § 2255 Motion on or before May 14, 2013.

On May 1, 2013, the respondent filed the Motion To Dismiss Petitioner's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 3) now before me. In that Motion, the respondent argues that King's claim is not cognizable under § 2255 or, if it is, that it is procedurally defaulted, because it was not raised on King's direct appeal, which challenged King's 240-month mandatory minimum sentence only on the ground that it was "unreasonably harsh." *See* Respondent's Motion To Dismiss, Exhibit 1 (King's counsel's "*Anders* brief" on direct appeal). The respondent also argues that King's 1993 conviction, on which the § 851 sentencing enhancement was based, was unchallengeable pursuant to § 851(e), because it was more than five years old at the time of King's sentencing in 2008. By Order (Civ. docket no. 4), filed May 1, 2013, I directed the Clerk of Court to appoint counsel to represent King; directed King to file, with the aid of counsel, a response to the respondent's Motion To Dismiss on or before June 17, 2013; and gave the respondent to and including July 1, 2013, to file any reply brief.

Notwithstanding that I had appointed counsel to represent him, King filed a *pro se* Reply Motion To Correct Sentence Title U.S.C. § 2255 Motion (Civ. docket no. 5) on May 13, 2013. King's *pro se* Reply argues the merits of his claim for relief, but does not respond to the respondent's grounds for dismissal of King's § 2255 Motion. King's counsel filed no response to the respondent's Motion To Dismiss, either.[1] On May 23, 2013, the respondent filed a Surreply To Petitioner's Reply Motion To Correct Sentence Title 28 U.S.C. § 2255 Motion (docket no. 6) challenging King's assertion in his *pro se* Reply that his sentencing enhancement was based on a 2006 conviction rather than a 1993 conviction and reiterating that the 1993 conviction is unchallengeable pursuant to

---

[1] The failure of King's appointed counsel in this proceeding to file any timely response to the respondent's Motion To Dismiss, as directed in my Order (Civ. docket no. 4), or to seek an extension of time to do so, or to timely certify that counsel had nothing to add to King's *pro se* Reply, is completely unacceptable.

§ 851(e). The respondent also states in its Surreply that it stands on its arguments in its Motion To Dismiss.

On January 10, 2014, the respondent filed a Status Request (docket no. 7), noting that counsel appointed to represent King had not filed any response to its Motion To Dismiss, reiterating that the respondent stands on its arguments in its Motion To Dismiss, and reiterating its request that King's § 2255 Motion be dismissed in its entirety. On January 13, 2014, I entered an Order Regarding Respondent's Status Request (docket no. 8), noting that respondent's Motion To Dismiss is fully submitted and stating that that motion would be considered by the court within the next 60 days. Regrettably, I did not meet that self-imposed deadline. On January 14, 2014, King's counsel belatedly entered the fray, or more accurately, belatedly stated that he would not enter the fray, by filing a Report To The Court (docket no. 9), in which he stated that, "having investigated this matter . . . he has nothing additional to add to this matter as attorney on Mr. King's behalf." On May 5, 2014, King filed what I construe to be a *pro se* Supplement (docket no. 10), "respectfully request[ing] a decision" on his § 2255 Motion and reiterating his assertions that "[t]he record reflect[s] a valid constitutional violation."

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the current *Twom-bal* standard,[2] various federal

---

[2] The "*Twom-bal* standard" is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

3

Circuit Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based). It is precisely the lack of a cognizable legal theory for King's § 2255 Motion that the respondent asserts in its Motion To Dismiss in this case.

On the respondent's Motion To Dismiss pursuant to Rule 12(b)(6) in this case, I may consider the docket and documents in the underlying criminal case, from which King seeks § 2255 relief, because they are "'incorporated by reference or integral to [his] claim,'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)), and because they are "'necessarily embraced by the pleadings.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).

As I have repeatedly explained, § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting Wilson).

One "well established principle" of § 2255 law, however, is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops*, 339 F.3d at 780. Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first

demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

Here, I find that King appealed his sentence of 240 months of imprisonment, based on a § 851 enhancement for a prior conviction, only on the ground that it was "unreasonably harsh," not on the ground that I had failed to conduct the colloquy required by § 851(b). *See* Respondent's Motion To Dismiss, Exhibit 1 (King's brief on direct appeal). Consequently, King is attempting to assert a claim that he could have, but failed to, raise on direct appeal, which is not a basis for relief on a § 2255 motion. *Ramey*, 8 F.3d at 1314. In short, King's claim is "procedurally defaulted." *Bousley*, 523 U.S. at 622. Neither King nor his counsel has even attempted to assert "cause and prejudice" or "actual innocence" as a basis for considering King's procedurally defaulted claim. *See id.* Indeed, while King complains that he was not presented with the inquiry and advice required by § 851(b), he does *not* assert that he was not guilty of the charged offense in violation of §§ 841 and 846 or the prior offense in 1993 on which the § 851 enhancement of his sentence was based. The respondent is entitled to dismissal of King's § 2255 Motion on the ground that it asserts only a procedurally defaulted claim.

Moreover, considering King's claim—perhaps with more care than I originally gave it, on initial review, in my March 13, 2013, Order (docket no. 2)—I now conclude that it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [King] is not entitled to relief" on his claim that I committed errors under § 851(b). *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. In *United States v. Henderson*, 613 F.3d 1177 (8th Cir. 2010), the Eighth Circuit Court of Appeals considered on direct appeal a defendant's claim that his sentence should not have been enhanced pursuant to § 851, "because the district court failed to follow 21 U.S.C. § 851(b) procedure." 613 F.3d at 1184. The court explained that the colloquy required by § 851 requires the district court to ask the defendant to affirm or deny the prior

conviction. *Id*. at 1184-85 (citing § 851(b)).[3] The court held that the district court had erred by not asking the defendant this question. *Id.* The court then explained,

> The district court's error was, however, harmless. "Although § 851[(c)] allows a defendant to attack a prior conviction … [§ 851(e)] precludes challenges to convictions 'which occurred more than five years before the date of the information alleging such prior conviction.'" *[United States v.] Rounsavall*, 115 F.3d [561,] 566 [(8th Cir. 1997)], quoting 21 U.S.C. § 851(e); *United States v. Samuels*, 543 F.3d 1013, 1020 (8th Cir.2008); *see also Custis v. United States*, 511 U.S. 485, 487, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding that due to statute, defendant cannot collaterally attack prior convictions used to enhance sentence unless in violation of the right to counsel). Henderson's convictions occurred 20 and 16 years before the date of the information, nullifying any § 851(c) challenge. The district court's § 851(b) error did not, therefore, affect his substantial rights.

*Henderson*, 613 F.3d at 1185.

Similarly, here, I must accept as true King's allegation that I did not conduct the colloquy required by § 851 prior to imposing a sentencing enhancement based on a prior conviction. *See Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013); *Whitney*, 700 F.3d at 1128; *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847,

---

[3] *See* 21 U.S.C. § 851(b) (providing, *inter alia*, that "[i]f the United States attorney files an information under this section [seeking enhancement of a sentenced based on a prior conviction, as authorized by § 851(a)], the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information"). King is also correct that the colloquy required by § 851(b) requires that the district court "shall inform [the defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 28 U.S.C. § 851(b).

850 (8th Cir. 2012). Indeed, the record of prior proceedings shows conclusively that I did not conduct that colloquy at King's sentencing. *See* Transcript of Sentencing (Crim. docket no. 40); Rule 4(b) of the Rules Governing Section 2255 Proceedings (permitting the court, on initial review of a § 2255 motion, to consider, *inter alia*, "the record of prior proceedings"); *Miller*, 688 F.3d at 931 n.3 (permitting a court to consider, on a Rule 12(b)(6) motion to dismiss, the docket and documents in a prior court case, because they are "'incorporated by reference or integral to [a plaintiff's] claim'"); *Whitney*, 700 F.3d at 1128 (permitting a court to consider, on a motion to dismiss, documents that are "necessarily embraced by the pleadings"). Nevertheless, my failure to do so, while not acceptable, was harmless as a matter of law, because the 1993 conviction on which the enhancement of King's sentence was based was already more than 5 years old when the information alleging a prior conviction was filed in his criminal case on May 8, 2008. *See* Information (Crim. docket no. 22); *see also* Indictment (Crim. docket no. 1) (also identifying this prior conviction). Consequently, that prior conviction was "unchallengeable" pursuant to § 851(e). *Henderson*, 613 F.3d at 1185. Because King plainly is not entitled to relief on his claim, that claim is also dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Finally, I conclude that King has failed to make a substantial showing that his § 2255 claim is debatable among reasonable jurists, that a court could resolve that claim differently, or that his claim deserves further proceedings. Consequently, a certificate of appealability is also denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

THEREFORE,

1. The respondent's May 1, 2013, Motion To Dismiss Petitioner's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 3) is **granted**;

8

2. This action is **dismissed with prejudice** as procedurally defaulted and as asserting a claim upon which the petitioner plainly is not entitled to relief as a matter of law;

3. Judgment shall issue accordingly; and

4. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**DATED** this 9th day of May, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA